UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL G. GILARDI, JR.,

    Plaintiff,

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC.,

    Defendant.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, MICHAEL G. GILARDI, JR. (hereinafter "Plaintiff"), sues Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., ("Experian"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services, LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian").

3. Consumer reporting agencies that create consumer reports, like Equifax, Experian, and Trans Union are charged with using reasonable procedures

1

designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [CRAs] lack incentives and under-invest in accuracy" Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION**

6. The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

7. The Plaintiff is a natural person and resident of Pinellas County in the State of Florida. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

8. Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and Experian transacts business within this District.

9. Experian is a corporation incorporated under the State of California, authorized to do business in the State of Florida, through its registered agent, CT

Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

10. Experian is a "consumer reporting agency," as defined in 15 U.S.C § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports as defined in 15 U.S.C § 1681(d) to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

12. On May 11, 2023, Plaintiff was in process of purchasing a new vehicle and was attempting to obtain financing through non-party, Audi.

13. Plaintiff's ability to obtain financing from Audi was adversely affected due to a loan on his credit report with non-party, Ford Motor Credit Company ("Ford").

14. Plaintiff does not have an auto loan with Ford, nor has Plaintiff ever applied (or given permission for someone to apply) for an account with Ford.

15. After being notified of having a Ford account on his credit report, Plaintiff obtained a copy of his Experian credit report and saw the Ford partial account number 594610xx listed. The account reflected an outstanding balance of $27,228. Such a balance was hurting Plaintiff's debt to income ratio.

16. Upon information and belief following review of Plaintiff's credit report with Experian, the inaccurate information was being reported on Plaintiff's credit report since approximately April 4, 2023.

17. In response to the inaccurate reporting, on May 11, 2023, Plaintiff submitted an online dispute regarding the fraudulent Ford partial account number 594610xx to Experian. During the online dispute submission, Plaintiff asserted that this account was a result of a mixed file and that this account did not belong to him.

18. On May 18, 2023, Experian responded (Report Number 2957-7847-07) to Plaintiff's online dispute of the fraudulent Ford partial account number 594610xx and advised that the account had been deleted from Plaintiff's credit report.

19. On June 6, 2023, Plaintiff obtained a copy of his Experia credit report and confirmed that Experian discontinued reporting the fraudulent Ford partial account number 594610xx.

20. As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

   a. Monies lost by attempting to fix his credit;

   b. Loss of time attempting to cure the errors;

   c. Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life;

    d.  Reduction in credit score; and

    e.  Increased APR and inability to refinance his Audi loan;

    f.  Defamation as Experian published Plaintiff's inaccurate information to third parties.

### COUNT I
### Violations of the Fair Credit Reporting Act as to Defendant, Experian Information Solutions, Inc.

21. Plaintiffs re-allege and reincorporate paragraphs one (1) through twenty (20) above as if fully stated herein.

22. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff. Experian allowed for Ford to report inaccurate information on an account. Experian prevents its agents from calling consumers (like Plaintiff) during the dispute process or from calling witnesses with knowledge about the dispute.

23. As a result of this conduct, action and inaction of Experian, Plaintiff suffered damage by loss of ability to benefit from lower interest rates; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit.

24. Experian's conduct, action and inaction were willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was

negligent entitling Plaintiff to recover actual damages under 15 USC § 1681o. Experian is violating its own policies and procedures by not deleting an account when Plaintiff has provided sworn testimony to the Federal Trade Commission of the fraud.

25. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 USC § 1681n and/or § 1681o.

WHEREFORE, Plaintiff, MICHAEL G. GILARDI, JR., respectfully requests that this Court award statutory, actual, and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC., to Plaintiff, award Plaintiff his attorney fees and the costs of this action pursuant to 15 U.S.C. § 1681n and/or § 1681o; and grant all such additional relief as the Court deems appropriate.

**[INTENTIONALLY LEFT BLANK]**

DATED this 22nd day of June, 2023.

          Respectfully submitted,

          */s/Frank H. Kerney, III Esq.*
          Frank H. Kerney, III, Esq.
          Florida Bar #: 88672
          The Consumer Lawyers PLLC
          412 E Madison Street, Suite 916
          Tampa, Florida 33602
          Telephone: 844.855.9000
          Facsimile: 844.951.3933
          Frank@TheConsumerLawyers.com
          Jason@TheConsumerLawyers.com
          *Attorney for Plaintiff*

          */s/ Octavio Gomez*
          Octavio "Tav" Gomez, Esquire
          Florida Bar #: 0338620
          The Consumer Lawyers PLLC
          412 E. Madison St. Ste 916
          Tampa, FL 33602
          Telephone: 844.855.9000
          Facsimile: 844.951.3933
          Tav@TheConsumerLawyers.com
          Jason@TheConsumerLawyers.com
          *Attorney for Plaintiff*